**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-23385-RAR**

**NOSLEN SENDRA GONZALEZ**,

Petitioner,

v.

**MIAMI ICE FIELD OFFICE DIRECTOR**,

Respondent.
_______________________________________________/

**ORDER REQUIRING LOCATION STATUS REPORTS**

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (recognizing "[u]nder the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement'" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))). Accordingly, the first thing this Court does when confronted with a new petition for writ of habeas corpus under § 2241 is to ascertain the whereabouts of the petitioner. The primary tool for confirming an immigration petitioner's current place of incarceration is the U.S. Immigration and Customs Enforcement's Online Detainee Locator System ("ODLS") available at https://locator.ice.gov/odls/#/search. *See Terrebonne v. Blackburn,* 646 F.2d 997, 1000 n.4 (5th Cir. 1981) (stating that "[a]bsent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports"); *accord Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015).

Here, upon running Petitioner's name through the ODLS, the Court was unable to locate him. Given that Petitioner may have been transferred or removed from the United States, thereby

potentially divesting the Court of jurisdiction, the Court requested a Status Report from Petitioner's counsel regarding his whereabouts. *See* Paperless Order Requiring Status Report, [ECF No. 19].

In response, Petitioner's counsel informed the Court of a startling development. Petitioner's Notice in Response to the Court's Order ("Notice"), [ECF No. 20], informs the Court that "[t]he Associated Press has reported that ICE has removed detainees with final orders of removal from the public-facing locator system even while they remain in custody." Notice at 1–2 (citing Ryan J. Foley, *AP Exclusive: ICE Hides Locations of Thousands of Detainees with Final Removal Orders*, ASSOCIATED PRESS (Sept. 21, 2026), https://apnews.com/article/ice-detainee-locatordisappear-removal-orders-c3329a70bce424879bc5880b286c019c (last visited October 1, 2026)). Therefore, "Petitioner's absence from the locator . . . does not reflect any change with regard to his custody." *Id.* at 2.

It appears that Petitioner's counsel is correct. The Court has conducted an audit of § 2241 cases on its docket and can confirm that petitioners slated for final removal are being removed from the ODLS. *See e.g.*, *Perez-Carmona v. Sec'y of the Dep't. of Homeland Sec.*, No. 26-cv-24883-RAR, ECF No. 16 at 1 (S.D. Fla. 2026) ("Petitioner does not appear on the Immigration and Customs Enforcement ("ICE") Online Detainee Locator System due to a change in Respondents' policy where ICE is no longer making the location of detainees with removal orders available.") (citing Maria Sacchetti and Liam Bowman, *Immigrants with Final Deportation Orders Disappear from ICE Detainee Locator*, WASH. POST (Sept. 21, 2026), https://www.washingtonpost.com/immigration/2026/09/21/immigrants-with-final-deportation-orders-disappear-ice-detainee-locator (last visited Oct. 6, 2026)); *Ramos v. Warden of the Mia. Fed. Det. Ctr.*, No. 26-cv-24966-RAR, ECF No. 10 at ¶¶ 3–4 (S.D. Fla. 2026) ("Counsel has

recently been advised through the American Immigration Lawyers Association ("AILA") of reports that ICE has ceased displaying in the public Online Detainee Locator System certain detained individuals who are subject to final orders of removal. Accordingly, Petitioner's disappearance from the ICE Online Detainee Locator System appears consistent with this recently reported change and does not indicate that Petitioner has been released, transferred, or removed from the United States."); *Tortosa Julien v. Parra*, No. 26-cv-25708-RAR, ECF No. 9 at ¶¶ 4–5 (S.D. Fla. 2026) ("Counsel respectfully advises that Petitioner's absence from the Locator reflects a recent nationwide change in ICE policy, not any change in Petitioner's custody. On or about September 15, 2026, ICE implemented a policy under which persons in ICE detention who are subject to final orders of removal are no longer displayed in the Online Detainee Locator System, even though they remain in custody."); *Morffi Lopez v. Blanche*, No. 26-cv-26068-RAR, ECF No. 11 at ¶ 3 ("Counsel believes the Online Detainee Locator System did not return a result for Petitioner because 'U.S. Immigration and Customs Enforcement has stopped publicly revealing where it is holding thousands of detainees who are subject to final deportation orders,' on or about September 15, 2026.") (quoting Ryan J. Foley, *ICE Hides Locations of Thousands of Detainees with Final Removal Orders*, ASSOCIATED PRESS (Sept. 21, 2026), https://apnews.com/article/ice-detainee-locator-disappear-removal-orders-c3329a70bce424879bc5880b286c019c (last visited Oct. 6, 2026)).

The ODLS was implemented in 2010 to allow family members, legal representatives, and members of the public to locate individuals who are detained by ICE. *See* U.S. Immigr. & Customs Enf't, *Locating Individuals in Detention* (Aug. 8, 2023), https://www.ice.gov/factsheets/locating-individuals-in-detention (last visited Oct. 6, 2026). "Previously, the only way to determine the location of a detained individual was by contacting an ICE Enforcement and Removal Operations

(ERO) office. As part of detention reform, ICE deployed the ODLS so that family members and attorneys can locate a detained individual more easily online, 24 hours a day, seven days a week." *Id.*

It now appears that ICE has rolled back this reform as it pertains to those facing final orders of removal. And this change in policy does not appear to serve any real purpose other than to obfuscate the Court's ability to ascertain its jurisdiction—while also impeding the ability of family members, legal representatives, and members of the public to locate those detained by ICE. While this Court has a practice of requiring Petitioners to "inform the Court of any material change in Petitioner's immigration proceedings or any change to Petitioner's immigration status," *see* Court's Order to Show Cause and Omnibus Order, [ECF No. 3], this change in ICE policy—and the logistical roadblocks that arise from it—mandates that the Government now assume the burden of providing this Court with updates regarding Petitioner's current place of incarceration.

Accordingly, the Government shall provide weekly reports, beginning on **October 9, 2026**, advising the Court on Petitioner's immigration status, including where exactly Petitioner is being detained and/or whether Petitioner has been transferred or removed.

**DONE AND ORDERED** in Miami, Florida, this 6th day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

CC: Counsel of Record